April 3, 2025



U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
660 South 200 East, Suite 400
Salt Lake City, UT 84111


U.S. Citizenship and Immigration Services

GAGE C HERBST
CONTIGO LAW, PLLC
PO BOX 249
MIDVALE, UT 84047



IOE0922055109

A087-246-654

RE: MAALONA JUNIOR LAKI SEUTAFILI
I-485, Application to Register Permanent Residence or Adjust Status

## NOTICE OF INTENT TO DENY

On August 22, 2023, you filed a Form I-485, Application to Register Permanent Residence or Adjust Status, with U.S. Citizenship and Immigration Services (USCIS) under section 245 of the Immigration and Nationality Act (INA), based on being the principal beneficiary of a family-based immigrant petition.

After a thorough review of your application, your testimony during your interview, and the record of evidence, we must inform you that we intend to deny your application.

To qualify for adjustment under INA 245, an applicant must:

- Be inspected and admitted or inspected and paroled into the United States;
- Be eligible to receive an immigrant visa;
- Be admissible to the United States for permanent residence; and
- Have an immigrant visa immediately available at the time the application is filed.

You must demonstrate that you are eligible to adjust status to a lawful permanent resident (LPR). See Title 8, Code of Federal Regulations (8 CFR), section 245.1.

### Statement of Facts and Analysis, Including Reason(s) for Denial

On August 27, 2024, you appeared for an interview to determine your eligibility for adjustment of status. During the interview and review of your application with an Immigration Services Officer, you testified that the information on your Form I-485, along with any amendments made during the adjustment interview, and supporting evidence were true and correct. At the interview, you provided testimony under oath.

For the reasons that follow, USCIS intends to deny your application for adjustment of status. However, USCIS is providing you an opportunity to respond and submit additional evidence in support of your application.

Among other requirements, an applicant for adjustment of status must be admissible to the United States. *See* INA § 245(a). The INA provides that "any alien convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of . . .a violation of



(or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance is inadmissible." INA § 212(a)(2)(A)(i)(II).

The record reflects that in July 2010, you were convicted of Use or Possession of Drug Paraphernalia. Consequently, you are inadmissible to the United States as an alien convicted of a controlled substance offense. You may be eligible to seek a waiver of inadmissibility of this ground pursuant to INA § 212(h) if you can establish that the conviction relates to a single offense of possession of less than 30 grams of marijuana, and you meet the other requirements for a waiver. In order to request a waiver, you must file a Form I-601, Application for Waiver of Grounds of Inadmissibility in accordance with the form instructions.

The record further reflects that you may be inadmissible to the United States pursuant to INA § 212(a)(4) as an alien who is likely to become a public charge. During your adjustment of status interview, you stated that you are not employed and primarily rely on your wife and in-laws in order to make ends meet. Further, public records indicate that you have a child support lien case in the amount of $26,584.29 as of March 5, 2025. Accordingly, the record reflects that you are not supporting yourself and your dependents and are thus likely to become a public charge.

Additionally, Adjustment of status to that of a lawful permanent resident is a discretionary benefit. *See* INA 245(a). In determining whether an applicant merits adjustment of status as a matter of discretion, USCIS balances the adverse factors of a case with the social and humane considerations presented by the applicant to determine whether granting adjustment of status appears in the best interest of the country. *Matter of C-V-T-*, 22 I&N Dec. 7, 11 (BIA 1998); *Matter of Marin*, 16 I&N Dec. 581, 584-85 (BIA 1978).

Favorable considerations include such factors as family ties within the United States, residence of long duration in the United States, evidence of hardship to the applicant and his or her family if the applicant is not approved, service in this country's armed forces, a history of employment, the existence of property or business ties, evidence of value to the community, and other evidence attesting to an applicant's good character. *Marin*, 16 I&N Dec. at 584-85.

Adverse discretionary factors include: the nature and underlying circumstances of any applicable grounds of inadmissibility, the presence of significant violations of this country's immigration laws, the existence of a criminal record, and, if so, its nature, recency, and seriousness, as well as the presence of other evidence indicative of an applicant's bad character or undesirability as a permanent resident of this country. Additionally, where a criminal record exists, the adjudicator may consider whether an applicant has presented proof of genuine rehabilitation. *Matter of Edwards*, 20 I&N Dec. 191, 195 (BIA 1990); *see also Matter of Arreguin*, 21 I&N Dec. 38, 40 (BIA 1995).

USCIS has noted several adverse discretionary factors in your case including your criminal history and failure to support your dependents. These are significant adverse factors and indicate that you do not merit adjustment of status as a matter of discretion.

Accordingly, for the reasons set forth above, the record demonstrates that you are ineligible for adjustment of status because you are inadmissible to the United States and do not merit a favorable exercise of discretion. As a result, USCIS intends to deny your application.

You have thirty (30) days (33 days if this notice was received by mail) from the date of this notice to submit additional information, evidence or arguments to support your application. Failure to respond to this request within the time allotted will result in the denial of your application.

You must either mail the requested information to the address shown below or scan and upload your response using your USCIS online account (if applicable). Please note, if the request is for original

documents, you must submit that information by mail. **Your response must be received in this office by May 5, 2025.**

**Please include a copy of this letter with your response by mail to this address:**

**U.S. Citizenship and Immigration Services**
**Salt Lake City Field Office**
**660 South 200 East, Suite 400**
**Salt Lake City, UT 84111**

Sincerely,

Michael Crabtree
Field Office Director