UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| MAALONA JUNIOR LAKI SEUTAFILI, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES CITIZENSHIP and IMMIGRATION SERVICES, et al., <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING [33] DEFENDANTS' MOTION TO DISMISS** <br><br> Case No. 2:25-cv-00942-DBB-JCB <br><br> District Judge David Barlow |

Before the Court is Defendants' Motion to Dismiss[1] for lack of subject-matter jurisdiction.

**BACKGROUND**

This case arises from Plaintiff Maalona Junior Laki Seutafili's claims that the United States Citizenship and Immigration Services ("USCIS") improperly denied his application for permanent residency and commenced removal proceedings.[2] He alleges the following:

Mr. Seutafili is a Samoan citizen who is married to a United States citizen.[3] In August 2023, he filed an I-485 application to adjust his residency status based on an accompanying I-130 petition filed by his wife.[4] On April 3, 2025, USCIS issued a Notice of Intent to Deny ("NOID") Plaintiff's application.[5] This NOID was based at least in part on USCIS's assertion that Mr.

---

[1] Motion to Dismiss ("MTD"), ECF No. 33, filed Apr. 13, 2026.
[2] Amended Compl. ¶¶ 1–2, ECF No. 5, filed Nov. 14, 2025.
[3] *Id.* ¶ 17.
[4] *Id.* ¶¶ 17, 42, 44.
[5] *Id.* ¶ 42.

1

Seutafili was inadmissible for status adjustment under § 212(a)(2)(A)(i)(II) of the Immigration and Nationality Act ("INA") due to a 2010 Utah conviction for drug paraphernalia.[6] Plaintiff responded to the NOID by arguing that USCIS had failed to apply relevant Supreme Court precedent holding that a conviction like his did not make him inadmissible under § 212(a)(2)(A)(i)(II).[7] Nevertheless, USCIS denied Mr. Seutafili's I-485 application on May 23, 2025, on the grounds that his 2010 paraphernalia conviction triggered § 212(a)(2)(A)(i)(II).[8]

In June 2025, Plaintiff filed a motion to reconsider, but USCIS interpreted it as a motion to reopen and denied it on the grounds that it failed to present new material evidence without considering its merits.[9] On September 19, 2025, Mr. Seutafili filed a second I-290B motion to reconsider.[10] On October 28, 2025, Defendants were served with a copy of the initial complaint in this case.[11] Around one week later, on November 5, 2025, USCIS issued a Notice to Appear ("NTA") and filed it with the Executive Office for Immigration Review ("EOIR"), divesting USCIS of jurisdiction over the case.[12] That same day, USCIS denied Plaintiff's second I-290B motion on the grounds that USCIS lacked jurisdiction because an NTA had been issued.[13]

Mr. Seutafili asks the court to (1) declare that USCIS's denial of his I-485 was arbitrary and capricious, (2) compel Defendants to approve his I-485 application for permanent residency, (3) declare that the filing of NTA and subsequent denial of his second I-290B motion were arbitrary and capricious, and (4) compel Defendants to withdraw or terminate the NTA and stay

---

[6] Id.
[7] Id. ¶ 43.
[8] Id. ¶ 45.
[9] Id. ¶ 46.
[10] Id.
[11] Id. ¶ 47.
[12] Id.
[13] Id.

removal proceedings until this action is decided.[14] Defendants argue that Plaintiffs claims must

be dismissed because the court lacks subject-matter jurisdiction.[15]

## STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure governs dismissal for "lack of

subject-matter jurisdiction."[16] "A Rule 12(b)(1) motion to dismiss 'must be determined from the

allegations of fact in the complaint, without regard to mere conclusory allegations of

jurisdiction.'"[17] "[T]he party invoking the federal court's jurisdiction bears the burden of

proof."[18] A court lacking subject-matter jurisdiction "must dismiss the cause at any stage of the

proceedings in which it becomes apparent that jurisdiction is lacking."[19]

## DISCUSSION

The Amended Complaint states that this case arises under the Administrative Procedure

Act ("APA"), and that this court has federal question subject-matter jurisdiction under 28 U.S.C.

§ 1331 and can grant relief under the APA and the Declaratory Judgment Act.[20] "[T]he

Declaratory Judgment Act 'does not confer jurisdiction upon federal courts, so the power to issue

declaratory judgments must lie in some independent basis of jurisdiction.'"[21] And § 1331 gives

district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or

treaties of the United States,"[22] but it does not waive sovereign immunity so as to provide

---

[14] *Id.* ¶¶ 1–2.

[15] MTD 1.

[16] Fed. R. Civ. P. 12(b)(1).

[17] *Chipotle Mexican Grill, Inc. v. Chevedden*, No. 14-CV-0018-WJM-KMT, 2014 WL 1004529, at *1 (D. Colo. Mar. 14, 2014) (quoting *Groundhog v. Keeler,* 442 F.2d 674, 677 (10th Cir. 1971)).

[18] *Basso v. Utah Power & Light Co*., 495 F.2d 906, 909 (10th Cir. 1974).

[19] *Id.*

[20] Amended Compl. ¶ 15.

[21] *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc*., 693 F.3d 1195, 1202 (10th Cir. 2012) (quoting *Cardtoons, L.C. v. Major League Baseball Players Ass'n,* 95 F.3d 959, 964 (10th Cir. 1996)).

[22] 28 U.S.C.A. § 1331.

jurisdiction for actions against the United States.[23] "Consequently, district court jurisdiction cannot be based on § 1331 unless some other statute waives sovereign immunity."[24]

Plaintiff asserts that his case arises under the APA.[25] "The APA 'contains a limited waiver of the United States' sovereign immunity.'"[26] Among other things, it allows federal courts to review federal agency decisions and "hold unlawful and set aside agency action, findings, and conclusions" that are either "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "contrary to constitutional right, power, privilege, or immunity."[27] But the APA expressly states that it does not apply when "statutes preclude judicial review."[28] Defendants argue that the INA precludes judicial review related to both the I-485 application denial and the NTA.[29]

## I.      I-485 Application Denial

Defendants first argue that the INA specifically precludes judicial review of adjustment of status decisions.[30] Under 8 U.S.C. § 1255(a), the status of an alien who meets certain requirements may be adjusted to that of a lawful permanent resident at the discretion of the

---

[23] *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005) ("We first reject Mr. Delgado's claims that the Constitution and 28 U.S.C. § 1331 waive sovereign immunity. The statute conferring general federal question jurisdiction, 28 U.S.C. § 1331, 'grants the district courts original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States, but does not waive the government's sovereign immunity.'").
[24] *Id.*
[25] Amended Compl. ¶ 15.
[26] *Delgado*, 428 F.3d at 919 (quoting *City of Albuquerque v. United States Dep't of Interior,* 379 F.3d 901, 907 (10th Cir. 2004)).
[27] 5 U.S.C.A. § 706(2)(A), (B).
[28] 5 U.S.C.A. § 701(a)(1).
[29] MTD 5, 10.
[30] *Id.* at 5.

4

Attorney General.[31] This provision provides the basis for the status adjustment Mr. Seutafili requested through his I-485 application.[32] But a separate provision in § 1252(a)(2)(B)(i) states:

> Notwithstanding any other provision of law (statutory or nonstatutory) . . . and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review--
> **(i)** any judgment regarding the granting of relief under section . . . 1255 of this title . . .[33]

The Supreme Court clarified in *Patel v Garland* that § 1252(a)(2)(B)(i) "does not restrict itself to certain kinds of decisions. Rather, it prohibits review of *any* judgment *regarding* the granting of relief under § 1255 and the other enumerated provisions."[34] In the context of § 1252(a)(2)(B)(i), the phrase any judgment "means that the provision applies to judgments of whatever kind under § 1255, not just discretionary judgments or the last-in-time judgment."[35] Therefore, § 1252(a)(2)(B)(i) and *Patel* preclude judicial review of USCIS's denial of Mr. Seutafili's I-485 application.[36]

Plaintiff responds that this case presents a straightforward question of law, whether his prior conviction renders him inadmissible under the INA.[37] He argues that jurisdiction is thus preserved under § 1252(a)(2)(D),[38] which states:

> Nothing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition

---

[31] 8 U.S.C.A. § 1255(a).

[32] Amended Compl. ¶¶ 5, 27.

[33] 8 U.S.C.A. § 1252(a)(2)(B)(i).

[34] *Patel v. Garland*, 596 U.S. 328, 338 (2022).

[35] *Id.* (cleaned up).

[36] Other courts in this district have reached the same conclusion on similar facts. *See Chaudhari v. Mayorkas*, No. 2:22-CV-00047-RJS-CMR, 2023 WL 1822000, at *7 (D. Utah Feb. 8, 2023) (dismissing the case for lack of subject-matter jurisdiction under § 1252(a)(2)(B)(i) where a plaintiff's I-485 application was denied and that denial was challenged in district court); *Cherdchaweebusaba v. United States Dep't of State*, No. 1:24-CV-00173-AMA-JCB, 2026 WL 412426, at *4 (D. Utah Feb. 13, 2026) (same).

[37] Opposition to Motion to Dismiss ("Opp'n") 3, ECF No. 34, filed Apr. 26, 2026.

[38] *Id.*

for review filed with an appropriate court of appeals in accordance with this section.[39]

While § 1252(a)(2)(D) preserves judicial review for constitutional claims or questions of law, this jurisdiction is expressly limited to "an appropriate court of appeals."[40] The Tenth Circuit in *Green v Napolitano* specifically held that "§ 1252(a)(2)(D) does not apply in the district courts."[41] Any § 1252(a)(2)(D) challenge to a § 1255 status adjustment denial "must be filed in the appropriate circuit court, not a district court,"[42] regardless of whether the relevant issue is a question of law.

Mr. Seutafili also contends that § 1252(a)(2)(B)(i) does not bar review because he does not challenge a discretionary decision.[43] This argument was foreclosed by the Supreme Court in *Patel*.[44] Plaintiff's additional contention that § 1252(a)(2)(B)(i) and *Patel* should only be read to eliminate judicial review of factual determinations rather than legal questions likewise fails.[45] He urges the court to read § 1252(a)(2)(B) "in harmony with § 1252(a)(2)(D), which expressly preserves jurisdiction over questions of law."[46] But, as already discussed, the § 1252(a)(2)(D) carveout only permits review "in the appropriate circuit court, not a district court."[47] And the Supreme Court in *Patel* emphasized § 1252(a)(2)(B)(i)'s expansive scope.[48] Thus, the INA

---

[39] 8 U.S.C.A. § 1252(a)(2)(D).
[40] *Id.*
[41] *Green v. Napolitano*, 627 F.3d 1341, 1347 (10th Cir. 2010).
[42] *Id.*; *see also Cherdchaweebusaba*, 2026 WL 412426 at *3.
[43] Opp'n 4–6.
[44] *Patel v. Garland*, 596 U.S. 328, 338 (2022) (holding that § 1252(a)(2)(B)(i) "applies to judgments of whatever kind under § 1255, not just discretionary judgments or the last-in-time judgment.").
[45] *See* Opp'n 6.
[46] *Id.*
[47] *Green*, 627 F.3d at 1347.
[48] *Patel*, 596 U.S. at 338.

6

precludes judicial review of USCIS's denial of Mr. Seutafili's I-485 application, so the court lacks jurisdiction under the APA to review that portion of Plaintiff's claims.[49]

## II.     Notice to Appear

Defendants next argue that the INA precludes courts from reviewing decisions to commence proceedings.[50] A separate jurisdiction-stripping provision in the INA states:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory) . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.[51]

This provision in § 1252(g) "applies to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'"[52] In the context of the INA, proceedings are commenced by serving a notice to appear.[53] And, for the same reasons discussed above, the §1252(a)(2)(D) carveout does not grant this court jurisdiction to hear Mr. Seutafili's constitutional due process claims related to the NTA. Thus, the decision to issue an NTA and commence removal proceedings for Mr. Seutafili is not subject to review under § 1252(g), and the court lacks jurisdiction to hear any claims arising from that decision.[54]

---

[49] Defendants also argue that the APA does not apply and the court lacks subject-matter jurisdiction because Plaintiff challenges a discretionary action and because the I-485 denial is not a final agency action. *See* MTD 7–8. Because § 1252(a)(2)(B)(i) already precludes subject-matter jurisdiction over the I-485 denial, the court need not address these arguments.

[50] MTD 10.

[51] 8 U.S.C.A. § 1252(g).

[52] *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471 (1999) (emphasis in original).

[53] *See Niz-Chavez v. Garland*, 593 U.S. 155, 163 (2021) ("A notice to appear serves as the basis for commencing a grave legal proceeding."); *Miguel-Pena v. Garland*, 94 F.4th 1145, 1150 (10th Cir.), *cert. denied*, 145 S. Ct. 545, 220 L. Ed. 2d 204 (2024) ("While they were detained, DHS served them with NTAs, charging documents that commence removal proceedings.").

[54] 8 U.S.C.A. § 1252(g).

In sum, Mr. Seutafili asks this court to declare that USCIS's denial of his I-485 application and its issuance of the NTA and subsequent denial of his I-290B motion were arbitrary and capricious under the APA.[55] He also asks the court to compel USCIS to grant the I-485 application and withdraw its NTA.[56] However, the APA explicitly states that it does not apply when "statutes preclude judicial review."[57] In this case, the INA precludes district court judicial review of both the I-485 denial and the issuance of the NTA.[58] Therefore, the court lacks subject-matter jurisdiction to review Mr. Seutafili's claims.

## ORDER

Defendants' [33] Motion to Dismiss is GRANTED. Plaintiff's claims are DISMISSED for lack of subject-matter jurisdiction.

Signed June 4, 2026.

BY THE COURT

David Barlow
United States District Judge

---

[55] Amended Compl. ¶¶ 1–2.
[56] *Id.*
[57] 5 U.S.C.A. § 701(a)(1).
[58] 8 U.S.C.A. § 1252(a)(2)(B)(i), (g).